UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| KENNADO TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24-1471 |
| | ) | |
| JACKIE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, proceeding pro se and presently detained at McLean County Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff filed a Petition to Proceed in forma pauperis [2]. Plaintiff has previously accumulated three strikes under 28 U.S.C. § 1915(g), which makes him ineligible to proceed in forma pauperis unless he faces an "imminent danger of serious physical harm." *Id.*

Plaintiff is also subject to a Seventh Circuit order that instructs district courts to return unfiled any papers sent by Plaintiff or on his behalf, except in criminal cases, cases challenging the fact or duration of his confinement, and those alleging an imminent danger of serious physical harm. *Taylor v. Miller*, No. 20-2221, ECF No. 14 at 4 (7th Cir., filed Oct. 9, 2020).

Plaintiff alleges that Defendant McFarland found him unfit to stand trial in her capacity as the state court judge presiding over his state law criminal case, and that she tried to appoint a lawyer to represent him that he had previously fired. Plaintiff alleges that he is not taking his medications for his mental health conditions, and that jail officials have not called the Department of Human Services for purposes of transferring him to a treatment facility. Plaintiff alleges that Defendant Jackie is listening to Defendant Kerr regarding his care, and that

Defendant Kerr should not be part of it. Plaintiff alleges that he is not eating or drinking water. Plaintiff alleges that Defendant Kerr told Defendant Jackie not to help Plaintiff become fit to stand trial.

Plaintiff's allegations against Defendant McFarland do not permit a plausible inference that her actions created an imminent risk of serious physical harm, and she is otherwise immune from suit. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Plaintiff brought another lawsuit alleging the lack of mental health treatment against the same defendants. *See Taylor v. Jackie*, No. 24-1466 (C.D. Ill.). The Court in that case granted Plaintiff's petition to proceed in forma pauperis, dismissed Plaintiff's complaint for failure to state a claim, and granted Plaintiff leave to file an amended complaint that includes an opportunity to present his allegations in this case. *Id.* Plaintiff will be able to adequately present the allegations here in that case.

The Court finds that Plaintiff has not shown that he faces an imminent risk of serious physical harm as it relates to his allegations not already presented in separate litigation. Plaintiff's Petition to Proceed in forma pauperis is denied. Pursuant to 28 U.S.C. § 1915A, Plaintiff's claims against Defendant McFarland are dismissed because she is immune from suit. His remaining claims are dismissed without prejudice as duplicative.

Plaintiff's Motion to Request Counsel (Doc. 3) is denied for failure to show that he attempted to obtain counsel on his own or that he was prevented from doing so. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007); *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions [2][3] are DENIED.**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

4) **Plaintiff must still pay the full docketing fee of $405.00 even though his case has been dismissed.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 11th day of March, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE